# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JACINTO SALVADOR RICO,

      Petitioner,

v.                                              Case No. 18-C-885

RANDY HEPP,

      Respondent.

## ORDER GRANTING MOTION TO DISMISS

On June 11, 2018, Petitioner Jacinto Salvador Rico, who is currently serving a state prison sentence at Fox Lake Correctional Institution, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming he was being held in custody in violation of his federal constitutional rights. Rico was found guilty by a Fond Du Lac County jury of first degree reckless injury, obstructing an officer, and first degree recklessly endangering safety, all as a repeater, on June 30, 2008. He was sentenced to 25 years with the first 15 years in confinement on the first count, two years with the first in confinement on the second count, and sentence was withheld with a consecutive term of probation on the third. All three convictions stem from a February 2, 2008 altercation outside a Fond du Lac tavern in which Rico stabbed two people. Judgment of conviction was entered on November 11, 2008. After unsuccessfully appealing his conviction and the trial court's denial of a motion for post conviction relief, Rico filed his petition in this court. He now claims that his trial attorney was constitutionally ineffective in failing to request a jury instruction on defense of others.

The magistrate judge screened Rico's petition pursuant to Rule 4 of the Rules Governing Section 2254 Petitions and ordered a response. The case is now before the court on the Respondent's motion to dismiss the petition as untimely. For the reasons that follow, the Respondent's motion will be granted.

## PROCEDURAL HISTORY

Rico appealed his November 11, 2008 conviction, and on March 3, 2010, the Wisconsin Court of Appeals affirmed. On July 21, 2010, the Wisconsin Supreme Court denied a petition for review. Rico filed a motion for reconsideration, which the Court denied on December 30, 2010.

On May 19, 2011, Rico filed a *pro se* motion in the circuit court seeking to vacate the DNA surcharge that was part of his judgment of conviction. The circuit court granted Rico's motion on June 9, 2011 and removed the DNA surcharge from his judgment of conviction. Rico filed a motion for discovery and inspection in the circuit court on March 7, 2012, which the court denied on April 18, 2012. On January 17, 2014, Rico requested the circuit court record in his case.

Rico filed a motion for postconviction relief in the circuit court on October 6, 2014, claiming that his trial counsel was ineffective for failing to request a defense-of-others jury instruction. The circuit court denied the motion on February 17, 2015, and Rico appealed. The Wisconsin Court of Appeals affirmed the order denying his postconviction motion on February 15, 2017, and the Wisconsin Supreme Court denied a petition for review on May 15, 2017.

Rico filed a habeas petition pursuant to § 2254 in this court on June 11, 2018.

## ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) applies a one-year period of limitation to an application for a writ of habeas corpus by a person in custody pursuant to

2

a state court judgment. 28 U.S.C. § 2244(d)(1). Congress established this limitation period "[i]n an attempt to curb the protracted nature of [habeas corpus] litigation." *Gendron v. United States*, 154 F.3d 672, 673 (7th Cir. 1998), *overruled on other grounds in Clay v. United States*, 537 U.S. 522 (2003). The limitation period runs from the latest of several dates set forth in § 2244(d)(1):

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

*Id.* The one-year period is statutorily tolled for "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Rico's petition is untimely under § 2244(d)(1)(A).[1] Counting from December 30, 2010, the date on which the Wisconsin Supreme Court denied Rico's motion for reconsideration, Rico's conviction became final on March 30, 2011. *See* Sup. Ct. R. 13 (allowing ninety days to timely file a petition for a writ of certiorari that seeks review of a judgment subject to discretionary review by the highest state court). Rico thus had until March 30, 2012 to file a federal habeas petition. Although Rico's motions to vacate the DNA surcharge and for discovery and inspection tolled the limitation period, Rico's inaction following the April 18, 2012 denial of his motion for discovery and

---

[1] Rico "does not dispute the fact that his current habeas petition was filed past the one-year limitation period." Pet'r's Br. Opp'n at 3, ECF No. 18. Rico's basis for opposing the respondent's motion to dismiss rests on the applicability of equitable tolling, which is discussed *infra*.

3

inspection caused the limitation period to expire. From April 18, 2012 to January 17, 2014—a period of 639 days—Rico took no action in his case. Even accounting for statutory tolling, then, Rico's petition is untimely.

Under the doctrine of equitable tolling a federal habeas petitioner may "overcome a breach of AEDPA's one-year limitations period." *Carpenter v. Douma*, 840 F.3d 867, 870 (7th Cir. 2016). However, equitable tolling is "an extraordinary remedy that is rarely granted." *Id.* (internal quotation marks omitted) (citing *Obriecht v. Foster*, 727 F.3d 744, 748 (7th Cir. 2013)). A habeas petitioner is entitled to equitable tolling if he shows "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" that prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). The habeas petitioner bears the burden of demonstrating that both elements of the *Holland* test are satisfied. *Carpenter*, 840 F.3d at 870. If either element is not satisfied, equitable tolling will not apply. *Menominee Indian Tribe of Wis. v. United States*, 136 S. Ct. 750, 756 (2016).

Rico argues that his petition is timely for two reasons, neither of which satisfies the *Holland* test. First, Rico argues that the removal of the DNA surcharge from his judgment of conviction was a new fact under § 2244(d)(1)(D) that should have restarted the one-year limitations period. Not only does the removal of a DNA surcharge from a judgment of conviction not affect the finality of a judgment under AEDPA, *see Scott v. Sec'y, Dep't of Corr.*, No. 6:09-cv-478-Orl-18KRS, 2010 WL 4116559, at *3 (M.D. Fla. Oct. 18, 2010), but even if the one-year limitation period restarted, Rico's petition would still be untimely because of his 639-day period of inactivity.

Second, Rico argues that the doctrine of equitable tolling should apply because his counsel on direct appeal failed to inform him about the one-year limitation period for seeking habeas relief.

4

This argument also fails to satisfy *Holland*. Rico's claim that his appellate counsel failed to inform him about AEDPA's one-year limitation period, even if true, at most amounts to a "garden variety" attorney-negligence case where equitable tolling is not warranted. *See Holland*, 560 U.S. at 652 (finding attorney's untimely filing of a habeas petition due to a lack of awareness of the expiration of the one-year limitation period, without more, to be "simple negligence" that does not trigger equitable tolling); *Lacking v. Warden Chillicothe Corr. Inst.*, No. 16-4291, 2017 WL 5514682, at *2 (6th Cir. Apr. 28, 2017) ("Even assuming that [habeas petitioner] was unaware of the one-year limitations period, 'ignorance of the law alone is not sufficient to warrant equitable tolling.'") (citations omitted); *Alexander v. Watkins*, 49 F. App'x 770, 772 (10th Cir. 2002) (finding appellate attorney's failure to inform habeas petitioner about the one-year limitation period "insufficient to justify equitable tolling" because "ignorance of the law, even for an incarcerated pro se petitioner, generally does not excuse prompt filing").

Rico thus fails to demonstrate an extraordinary circumstance that warrants equitable tolling. Even if such a circumstance existed, Rico has failed to demonstrate reasonable diligence in pursuing his claims, as he offers no explanation for his failure to seek relief during his 639-day period of inactivity or during any period during which the limitations period would not have otherwise been tolled. *See Mayberry v. Dittmann*, 904 F.3d 525, 531 (7th Cir. 2018) (demonstrating reasonable diligence requires the presentation of specific evidence); *Carpenter*, 840 F.3d at 872–73 (refusing to apply equitable tolling where the petitioner did not explain why he failed to file his habeas petition during the limitation period or for seven months thereafter).

Finally, I note that even if Rico's petition was timely, he would not be entitled to federal relief under § 2254. Ineffective assistance claims are difficult to advance in federal habeas proceedings.

5

Under § 2254(d), a court may not grant relief on any claim unless the petitioner can demonstrate that the state appellate court's rejection of the claim "was contrary to, or involved an unreasonable application of," clearly established Supreme Court precedent or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1); *Williams v. Taylor*, 529 U.S. 362, 412 (2000). Here, because the state courts applied the correct legal standard of *Strickland v. Washington*, 466 U.S. 668 (1984), to this claim, my review of the state decisions is "doubly deferential." *Cullen v. Pinholster,* 563 U.S. 170, 190 (2011). That is, I must first take "a highly deferential look at counsel's performance," *id.* at 1403, in which "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland,* 466 U.S. at 690. Then, I must view the claim through the "deferential lens of § 2254(d)." *Pinholster,* 563 U.S. at 190 (citation omitted).

Considering this "double deferential" standard of review, Rico's claim would clearly fail even if it was timely. Both the trial court and the Wisconsin Court of Appeals rejected Rico's claim that his attorney was ineffective in failing to request a defense-of-others jury instruction because, at the time of the stabbing, the woman Rico claims he was protecting was not in danger. Rico claimed he had intervened when one of the individuals he stabbed pushed a woman who had slapped him to the ground. He testified that he stabbed the two individuals, one of whom had no role in pushing the woman down, because he feared for himself. The jury was instructed on self-defense and rejected Rico's claim that he was justified in using deadly force. Since there was no evidence Rico acted in defense of someone else, both the trial court and the court of appeals rejected his claim that his trial attorney had erred in failing to request such an instruction. Their decisions are clearly neither

6

contrary to, nor unreasonable applications of, clearly established federal law. Even on the merits, Rico's petition therefore fails.

**CONCLUSION**

For the foregoing reasons, the respondent's motion to dismiss (ECF No. 16) is **GRANTED**, Rico's petition is **DENIED**, and this case is **DISMISSED**. A certificate of appealability is **DENIED** because I conclude that reasonable jurists could not debate the outcome, and Rico has failed to make a substantial showing of a denial of a constitutional right.

Rico is advised that the judgment entered by the Clerk is final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within thirty (30) days of the entry of judgment. *See* Fed. R. App. P. 3, 4. In the event Rico decides to appeal, he should also request that the court of appeals issue a certificate of appealability. *See* Fed. R. App. P. 22(b).

**SO ORDERED** this   14th   day of December, 2018.

  s/ William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court